**GENERAL GROWTH PROPERTIES,**
Appellant,

v.

**OVAL OFFICE, INC., and Paul O. Sommerer, S.S. Conglomerate, Inc. and Leroy J. Sommerer, Respondents.**

**No. WD 34506.**

Missouri Court of Appeals,
Western District.

May 1, 1984.

Ronald J. Prenger, Hyder & Prenger, Jefferson City, for appellant.

Cyril M. Hendricks, Spencer & Hendricks, P.C., Jefferson City, for respondents.

Before SOMERVILLE, P.J., and CLARK and LOWENSTEIN, JJ.

CLARK, Judge.

Appellant, General Growth Properties, obtained judgment on May 11, 1982 against respondents in this action for unpaid rent. Thereafter, the trial court acted on January 6, 1983 to set aside the judgment under Rule 74.32 for irregularity. Prior thereto, respondents had filed their notice of appeal and had paid the docket fee. The case presents the question of whether the trial court is possessed of jurisdiction to set aside a judgment for irregularity after the judgment defendant has taken an appeal. We conclude that the order made in this case by the trial court was in excess of that court's jurisdiction and that the original judgment must be reinstated.

Appellant had judgment entered against respondents on its cause May 11, 1982 and respondents filed their notice of appeal to this court and paid the docket fee. There is a continuing dispute between the parties as to whether the notice of appeal was timely, but for purposes of resolving the issue on the present appeal, we assume, without deciding, that the notice filed by respondents as appellants on June 18, 1982 and supplemented on June 23 or June 24, 1982 was timely.

Respondents proceeded to prepare the record on that appeal which was docketed in this court as case number WD 33900. It was then discovered for the first time that a portion of the trial testimony could not be transcribed because either no recording had been made or, if recorded, the tape could not be found. Respondents then presented to the trial court their motion to set aside the May 11, 1982 judgment for irregularity and the order which is the subject of this appeal was entered. Relying upon that disposition, respondents voluntarily dismissed their appeal in case number WD 33900. The present appeal followed.

It is unquestioned that this cause was lodged in this court on January 6, 1983 under the then appeal by respondents when the trial court purported by order to set aside the judgment entered on May 11, 1982. The issue is what jurisdiction the trial court retains in such circumstances to take corrective action.

When a notice of appeal is filed, the trial court loses jurisdiction of the case for most purposes. The jurisdiction which is lost is the jurisdiction to exercise any judicial functions. The jurisdiction which remains is the authority the court retains over its own records and the entitlement to exercise purely ministerial or executive functions. *Brock v. Steward*, 519 S.W.2d 365, 367 (Mo.App.1975). Jurisdiction which remains in the trial court after appeal contemplates those irregularities in the court's records which may be corrected by a ministerial act. The nature of the irregularity encompassed by Rule 74.32 is an irregularity which appears on the face of the record and not an irregularity which depends on proof dehors the record. *McDaniel v. Lovelace*, 439 S.W.2d 906, 910 (Mo.1969).

In *State ex rel. Brooks Erection & Construction Company v. Gaertner*, 639 S.W.2d 848 (Mo.App.1982), Brooks obtained a default judgment against the defendant in the underlying cause, Slay Bulk Terminals, Inc. Slay appealed. Some ten months later, the trial court set aside the judgment on Slay's motion and ordered a new trial. Brooks brought mandamus to compel reinstatement of the judgment.

The alternative writ was made peremptory on the ground that the notice of appeal removed the case from the trial court's jurisdiction and the trial court was powerless at the time to make the order.

■ The order entered in the present case on January 6, 1983 setting aside the previous judgment was a judicial act for which the trial court lacked jurisdiction because the case then pended in this court on appeal. The situation is identical to that ruled in *State ex rel. Brooks Erection & Construction Company v. Gaertner, supra*, and the same result must follow. The judgment is to be reinstated.

■ Because further proceedings may be assumed to be in prospect when, on remand, the trial court is reinvested with jurisdiction, some additional discussion of respondents' remedies is appropriate. Reliance by the court and respondents' counsel on Rule 74.32 as the ground for an order granting a new trial is misplaced. Irregularities contemplated under this rule are those apparent on the face of the record. The fact of the missing tape was not discernable from the record but depended on facts brought to the attention of the court by some medium of proof.

The parties' attention is directed to *Lawton-Byrne-Bruner Insurance Agency v. Air-Flight Cab Co.*, 479 S.W.2d 218 (Mo.App.1972) where the trial transcript could not be prepared because, unknown to the court during trial, the reporter's stenotype machine malfunctioned. When the reporter commenced transcription, the notes were found to be illegible. In the opinion, the court discusses Rule 74.32 and a writ of coram nobis and approves a vehicle for relief of a party in similar circumstances as those which confront respondents here.

The order of January 6, 1983 setting aside the judgment and granting respondents a new trial is reversed and the cause is remanded with direction to reinstate the judgment of May 11, 1982.

All concur.