

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | |
|---|---|
| JOSEPH SHIELDS, | ) ED102961 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| vs. | ) |
| | ) Honorable John Warner |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) FILED: February 16, 2016 |

Joseph Shields ("Movant") appeals from the motion court's denial of his Rule 24.035

motion for post-conviction relief without an evidentiary hearing. Movant was convicted after a

guilty plea with two counts of robbery in the first degree, in violation of Section 569.020, RSMo

(2000)[1]; and two counts of armed criminal action, in violation of Section 571.015. Movant was

sentenced to 20 years in prison on each count, to run concurrently with each other and with

Movant's sentence in a separate federal case. We remand for the motion court to enter a formal

finding on whether Movant was abandoned by counsel.

## I. Background

Movant and his brother were involved in several bank robberies in St. Louis County in

2002. Both were eventually apprehended, and Movant made a confession to the police. Prior to

the State proceedings, Movant was sentenced in federal court for the same bank robberies.

---

[1] All further statutory references are to RSMo (2000).

Movant pled guilty to the State charges as part of a plea agreement and was sentenced to 20 years in prison on each count, to run concurrently with each other and with the federal sentence Movant was already serving. Movant did not exercise his right to a direct appeal.

Movant filed his Rule 24.035 motion for post-conviction relief on July 17, 2014, and requested to proceed *in forma pauperis*. He was appointed counsel ("Motion Counsel") on August 21, 2014, and the transcript of the plea and sentencing hearing was filed on August 25, 2014. Motion Counsel requested a 30-day extension to file an amended motion on November 6, 2014, which if granted would have extended the deadline to file until November 23, 2014. It is unclear from the record whether the motion court granted this request. Movant then filed an amended motion out of time on December 5, 2014.

## II. Discussion

In his sole point on appeal, Movant argues the motion court clearly erred when it denied his Rule 24.035 motion for post-conviction relief without an evidentiary hearing because he was denied effective assistance of counsel. Movant claims his trial counsel was ineffective for failing to continue to challenge the viability of the dual sovereign exception to double jeopardy. However, we cannot reach Movant's argument on the merits, as the motion court committed procedural error which must be addressed first.

"The time limits for filing a post-conviction motion are mandatory." Stanley v. State, 420 S.W.3d 532, 540 (Mo. banc 2014) (citing Eastburn v. State, 400 S.W.3d 770, 773 (Mo. banc 2013)). Movant is responsible for the timely filing of the initial motion, with appointed counsel then responsible for timely filing either an amended motion or a statement that the initial motion was sufficient. Rule 24.035(b), (e); Stanley, 420 S.W.3d at 540. "A movant is abandoned when appointed counsel fails to comply with the requirements in Rule 24.035(e) by not filing either an

2

amended motion or a statement setting out facts that demonstrate the actions that were taken to ensure that an amended motion is not needed." Vogl v. State, 437 S.W.3d 218, 228 (Mo. banc 2014).

When appointed counsel fails to file an amended motion before the deadline, abandonment is presumed. Id. at 229. When this presumption arises, "a motion court must conduct a sufficient independent inquiry of a post-conviction movant's claim of abandonment." Id., citing McDaris v. State, 843 S.W.2d 369, 371 n. 1 (Mo. banc 1992); Moore v. State, 934 S.W.3d 289, 291-92 (Mo. banc 1996).

> [T]he trial court should . . . inquire not only of postconviction counsel, but ensure that movant is informed of counsel's response and given an opportunity to reply. **The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing. However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.**

Id. at 228 (emphasis added).

Here, Motion Counsel was appointed on August 21, 2014, and the transcript of the guilty plea and sentencing hearing was filed on August 25, 2014. Rule 24.035(g) requires an amended motion to be filed within 60 days of the transcript being filed and motion counsel being appointed, so initially the amended motion was due October 24, 2014. The motion court is permitted to grant one 30-day extension. Rule 24.035(g). Motion Counsel requested this extension on November 6, 2014. Had this request been granted, the new deadline for filing of the amended motion would have been November 23, 2014. However, the record does not reflect whether the motion court ever granted the extension. Motion Counsel filed an amended motion on December 5, 2014, past both the original deadline and the presumed extended deadline.

3

While the motion court was required to find that Motion Counsel abandoned Movant in order to accept the amended motion and hear the matter on the merits, no such finding exists in the record provided to this Court. "[A] sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous." Vogl, 437 S.W. 3d at 228, quoting McDaris, 843 S.W.2d at 371 n.1.

Because the record does not reflect if the motion court even made an independent inquiry of the issue, we remand this cause back to the motion court to make a proper determination of whether Motion Counsel abandoned Movant, and to reflect this inquiry and determination in the record.

### III. Conclusion

The cause is remanded to the motion court to conduct an independent inquiry into whether Movant was abandoned by Motion Counsel when Motion Counsel failed to file an amended motion before the filing deadline, and the motion court is instructed to make a sufficient record of this determination before proceeding further in the case.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs
Mary K. Hoff, J., concurs

4