

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| MICHAEL J. JOHNSON, | ) | No. ED102804 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Robin R. Vannoy |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 26, 2016 |

## OPINION

Michael J. Johnson[1] appeals the judgment denying his Rule 29.15[2] motion for post-conviction relief. Because we find that Johnson's amended motion was untimely, we reverse and remand to the motion court to determine whether Johnson was abandoned by post-conviction counsel.

## BACKGROUND

The jury convicted Johnson of one count of first-degree robbery, one count of first-degree murder, and two counts of armed criminal action arising out of the murder of Mauricio Ruiz. The trial court sentenced Johnson to life in prison without the possibility of parole for first-degree murder, and concurrent terms of thirty years for each of the other counts. Johnson filed a

---

[1] We note that Johnson is also known as Jarrell M. Johnson and that is the name he was convicted under in the underlying criminal proceeding.
[2] All references are to Missouri Supreme Court Rules (2015).

direct appeal. This court affirmed his convictions and sentences on October 9, 2012, *State v. Johnson*, 404 S.W.3d 302 (Mo.App.E.D. 2012), and issued its mandate February 5, 2013.

On March 25, 2013 Johnson timely filed a *pro se* Rule 29.15 motion for post-conviction relief. On April 8, 2013, the motion court notified the Missouri State Public Defender's office that Johnson had filed a post-conviction relief motion. On September 26, 2013, an attorney from that office filed an entry of appearance and requested a thirty-day extension of time to file an amended motion under Rule 29.15(g). That motion was never ruled upon. On December 26, 2013, Johnson's counsel filed an amended Rule 29.15 motion.

An evidentiary hearing was held on January 29, 2015. On February 26, 2015, the motion court denied Johnson's amended motion on the merits. The motion court did not address the claims in Johnson's original *pro se* motion, the timeliness of the amended motion, or whether Johnson was abandoned by post-conviction counsel.[3]

## DISCUSSION

Before addressing the merits, we must first determine whether Johnson's amended motion was timely. Rule 29.15(g) states that if an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court is permitted to extend the time for filing once, for a period not to exceed thirty days. The time limit

---

[3]Pursuant to Rule 81.12, the record on appeal shall contain all of the record, proceedings, and evidence necessary for our decision. Although the record does not include a transcript of the motion court's evidentiary hearing, we can discern from the order that the timeliness of the amended motion and the abandonment issues were not addressed.

for filing an amended motion is controlled by the date of first appointment or entry of appearance, whichever date is earliest. *Stanley v. State*, 420 S.W.3d 532, 541 (Mo.banc 2014).

When appointed counsel fails to file a timely amended motion, the motion court must conduct an independent inquiry of whether movant was abandoned by post-conviction counsel. *Vogl v. State,* 437 S.W.3d 218, 229 (Mo.banc 2014). This inquiry must be conducted to determine if the merits of the amended motion can be considered. *Moore v. State*, 328 S.W.3d 700, 702 (Mo.banc 2010). If after conducting an independent inquiry into the abandonment issue, the motion court determines the movant was not abandoned by post-conviction counsel, the motion court should adjudicate only the movant's initial *pro se* motion for post-conviction relief. *Silver v. State*, 477 S.W.3d 697, 698 (Mo.App.E.D. 2015).

When the motion court fails to conduct this inquiry, we must reverse and remand for a determination by the motion court on this issue. *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo.banc 2010). However, remand is "pointless" when a movant's *pro se* motion has been incorporated into, and thus adjudicated along with, the amended motion. *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App.E.D. 2015).

Here, counsel was appointed for Johnson on April 8, 2013, when the motion court entered an order notifying the Missouri State Public Defender's office that Johnson had filed a post-conviction relief motion. See *Stanley*, 420 S.W.3d at 540 ("'[T]he effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance.'" (quoting *State v. White*, 813 S.W.2d 862, 864 (Mo.banc 1991))). Thus, pursuant to Rule 29.15(g), Johnson's amended motion was due no later than June 7, 2013. However, the amended motion was not filed until December 26, 2013. Thus, Johnson's amended motion was untimely and the motion court should have determined whether

3

Johnson was abandoned by his post-conviction counsel before determining the merits of the amended motion. Because it failed to conduct this inquiry and did not also consider the claims made in Johnson's original *pro se* motion, we must reverse and remand for the motion court to determine whether post-conviction counsel abandoned Johnson. *Moore*, 458 S.W.3d at 825-26. If the motion court determines that Johnson was abandoned by his post-conviction counsel, then it should permit the untimely filing. *Childers*, 462 S.W.3d at 828. If the motion court determines that Johnson was not abandoned, however, then it should not permit the untimely filing of the amended motion and should proceed to adjudicate the claims in Johnson's *pro se* motion. *Id.*

## CONCLUSION

For the reasons stated above, we reverse and remand to the motion court for proceedings consistent with this opinion.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur

4