

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION ONE</u>

| | | |
|---|---|---|
| KURT D. USRY, | ) | ED103604 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| v. | ) | 1411-CC00427 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Richard Zerr |
| | ) | |
| Respondent. | ) | Filed: September 20, 2016 |

Kurt Usry ("Appellant") appeals the judgment of the motion court, after an evidentiary hearing, denying his Rule 29.15 post-conviction relief motion. We reverse and remand.

## BACKGROUND

After a jury trial, Appellant was convicted and sentenced as a prior and persistent offender for attempting to manufacture a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and tampering with physical evidence. Appellant unsuccessfully appealed his convictions, this court's mandate being issued on February 27, 2014. <u>See</u>, <u>generally</u>, <u>State v. Usry</u>, 420 S.W.3d 676 (Mo. App. E.D. 2014).

Appellant subsequently timely filed his *pro se* Rule 29.15 motion for post-conviction relief on May 5, 2014. Counsel was then appointed to Appellant on May 9, 2014.[1] Appellant's counsel entered her appearance on July 3, 2014, and requested an extension of time to file an amended motion. On July 9, 2014, the motion court granted Appellant's request for an extension of time to file the Amended Motion, sufficiently noting such granting via a docket sheet entry.

An amended motion was filed on August 8, 2014. The amended motion raised claims for relief that were in addition to and distinct from those claims raised in Appellant's *pro se* motion. After an evidentiary hearing, Appellant was denied relief by the motion court. The motion court's judgment did not address those claims set forth in Movant's *pro se* motion. Furthermore, the record on appeal does not reflect an inquiry by the motion court regarding whether Movant had been abandoned by counsel.

This appeal follows.

## DISCUSSION

Appellant offers three points on appeal. However, the merits of this appeal may not be addressed as we find the motion court erred in refraining to resolve whether Movant was abandoned by counsel.

Rule 29.15(g) governs the time for filing an amended motion, and states:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

---

[1] The motion court's docket sheets, included in the Record on Appeal, indicate post-conviction relief counsel was appointed on May 12, 2014. However, the motion court's order appointing counsel is file-stamped May 9, 2014.

In the instant case, counsel was appointed on May 9, 2014.  Although the motion court's docket sheet reflects May 12, 2014 as the date post-conviction counsel was appointed, the Order, itself, is clearly and unambiguously file-stamped May 9, 2014.  Rule 29.15(g) expressly states that an amended motion must be filed within sixty days of counsel being *appointed*.  The order appointing post-conviction counsel takes precedent over the motion court's docket sheet.  Additionally, this point is somewhat moot, as both parties acknowledged in their original briefs that the Movant was appointed counsel on May 9, 2014.

Appellant's amended motion was, thus, originally due by July 8, 2014, sixty days from the date counsel was appointed.  Mo. Sup. Ct. R. 29.15(g).  Appellant's counsel filed a request for an extension of time to file the amended motion on July 3, 2014, and the motion court granted a full thirty-day extension on July 9, 2014 (retroactive to July 8, 2014), as is allowed by Rule 29.15(g).  Appellant then had thirty days from July 8, 2014 to file the amended motion, thus making the final due date August 7, 2014.  Appellant, however, did not file the amended motion until August 8, 2014, making it untimely by a single day.

This case closely resembles Moore v. State, 458 S.W.3d 822 (Mo. banc 2015).  The Supreme Court of Missouri held that, when an amended motion is untimely filed following the timely filing of a *pro se* motion for post-conviction relief, and the motion court makes no abandonment inquiry, a remand is required for the motion court to independently inquire whether the movant was abandoned and to further review, consistent with that finding, movant's post-conviction claims.  Moore, 458 S.W.3d at 826; see also Mann v. State, 475 S.W.3d 208, 211 (Mo. App. E.D. 2015).

This court created an exception to Moore in Childers v. State, 462 S.W.3d 825 (Mo. App. E.D. 2015), but that exception is inapplicable here.  In Childers, this Court held that remand was

3

not necessary in a similar situation because the *pro se* and amended motions were in essence the same–meaning that motion court would have reached the same conclusion regardless. Id. at 468. This court reasoned that a remand would serve no purpose because the movant had received "all the process to which he is entitled[.]" Id. In other words, the abandonment determination would have no effect on the relief available to the movant on remand because the motion court had already considered all the movant's claims in the *pro se* and amended motions. Id.

In this case, there are significant differences between Appellant's *pro se* and amended motions, and thus, the Childers exception to the Moore abandonment inquiry is inapplicable. Here, as in Mann, we are constitutionally bound to follow Moore, holding that a remand is "necessary for the motion court to inquire whether the [movant] had been abandoned." Mann, 475 S.W.3d at 213.

We, therefore, conclude remand is necessary for a determination of abandonment and for further proceedings consistent with this court's determination.

## CONCLUSION

The judgment of the motion court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Lisa P. Page, Judge

Robert M. Clayton III, P.J. and Mary K. Hoff, J., concur.

4