

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| JOSHUA S. MILLER, | ) | ED103988 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Ralls County |
| v. | ) | 13RL-CV00322 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Rachel B. Shepherd |
| | ) | |
| Respondent. | ) | Filed: February 7, 2017 |

### Introduction

Joshua S. Miller (Movant) appeals the motion court's denial of his motion for post-conviction relief under Rule 24.035[1] after an evidentiary hearing. Movant argues that the motion court erred in failing to conduct an independent inquiry into whether Movant was abandoned, and that the motion court erred in failing to find his counsel was ineffective for failing to advise him that his guilty pleas to multiple counts of unlawful possession of a firearm violated his protection from double jeopardy. We affirm.

### Background

In 2011, prior to the charges that are the subject of this appeal, the State charged Movant with 28 counts of forgery. Pursuant to a plea agreement, Movant pled guilty to

---

[1] All rule references are to Mo. R. Crim. P. (2014) unless otherwise indicated.

three counts of forgery, and the State dismissed the remaining counts. The plea court accepted Movant's pleas and sentenced Movant to three consecutive five-year sentences, suspended execution of those sentences, and placed Movant on probation, all in accordance with the plea agreement.

In 2013, during Movant's probationary period, the State charged Movant in three different cases as a prior and persistent offender with the following crimes: two counts of second-degree burglary, eight counts of stealing a firearm, six counts of stealing, eight counts of unlawful possession of a firearm, and eight counts of receiving stolen property. Due to double jeopardy concerns, the State amended some counts and dismissed several others. Movant ultimately entered blind pleas of guilty to one count of second-degree burglary and one count of stealing for entering a church unlawfully and appropriating a credit card and a safe valued between $500 and $25,000; two counts of stealing for appropriating several power tools from a residence on December 7, 2012; and one count of second-degree burglary, one count of stealing a firearm, and eight counts of unlawful possession of a firearm, for entering a residence on December 10, 2012, and appropriating eight firearms, one of which was a pellet gun.[2]

At a later sentencing hearing, the plea court revoked Movant's probation on his prior forgery convictions and ordered execution of his three consecutive five-year sentences. The plea court then sentenced Movant to an additional two consecutive five-year sentences for the two counts resulting from the church burglary and two consecutive five-year sentences resulting from the theft of power tools, all consecutive with each other, for a total of 35 years. Finally, the plea court sentenced Movant to concurrent five-year

---

[2] Defendant also pled guilty to a burglary charge from Marion County at the same plea hearing, but this conviction is not at issue on appeal.

2

sentences for each of the 10 remaining counts associated with the theft of firearms, to be served concurrently with the other sentences, leaving a total sentence of 35 years.[3]

Movant filed a *pro se* motion under Rule 24.035 raising several claims of ineffective assistance of plea counsel. Appointed counsel later filed an amended motion, arguing as relevant for this appeal that Movant's plea counsel was ineffective for failing to advise Movant that the eight counts of unlawful possession of a firearm violated his right to be free from double jeopardy. Movant also asserted in his amended motion that there was an insufficient factual basis for Movant's guilty plea to the count of unlawful possession of a weapon involving a pellet gun.

The motion court held an evidentiary hearing regarding the claims in Movant's amended motion. At this hearing, Movant's post-conviction counsel informed the motion court that he filed the motion out of time because his attempted timely filing was unsuccessful due to the unavailability of electronic filing or facsimile filing in Ralls County. The motion court granted Movant leave to file his amended motion out of time. After the hearing, the motion court vacated Movant's conviction for unlawful possession of a firearm involving a pellet gun, but the court denied Movant's motion in all other respects, finding that double jeopardy concerns were not implicated given the statutory language for the offense of unlawful possession of a firearm. This appeal follows.

## Standard of Review

Our review of the denial of a motion for post-conviction relief under Rule 24.035 is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). Findings and conclusions are clearly erroneous

---

[3] The plea court also gave Movant a concurrent five-year sentence for the conviction in Marion County.

only when, upon review of the record, we are "left with a definite and firm impression that a mistake has been made." Mackley v. State, 331 S.W.3d 733, 734 (Mo. App. E.D. 2011). Movant bears the burden of proving the claims in his motion by a preponderance of the evidence. Rule 24.035(i).

## Discussion

Movant raises two points on appeal. First, he argues that the motion court erred in ruling on his motion without conducting an independent inquiry into whether he was abandoned by counsel due to the untimely filing of his amended motion. Second, Movant argues that the motion court clearly erred in concluding that his plea counsel was not ineffective for failing to advise him that the eight separate counts of unlawful possession of a firearm violated his protection from double jeopardy. We discuss each in turn.

## Point I

In Movant's first point on appeal, he argues that the motion court erred in failing to conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel. We disagree.

In Sanders v. State, the Missouri Supreme Court held that the failure of appointed counsel to timely file an amended motion for post-conviction relief can constitute abandonment by post-conviction counsel. 807 S.W.2d 493, 494-95 (Mo. banc 1991). When a motion court determines counsel was at fault for such untimely filing, it must consider the motion timely filed and proceed to adjudicate the amended motion, but if the untimely filing was the fault of the movant, then the motion court should not permit the late filing. Id. at 495. Recently, in Moore v. State, the Missouri Supreme Court held that if a motion court fails to undertake an independent inquiry into whether the movant was

4

abandoned before ruling on an untimely amended motion, then the appellate court must remand to the motion court for a determination as to whether the movant was abandoned by appointed counsel. 458 S.W.3d 822, 826 (Mo. banc 2015). The Missouri Supreme Court reasoned as follows:

> When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry. The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate.

Id. Thus, the purpose of remand is essentially for the motion court to determine who is at fault for the untimely filing, and thereby which motion is properly before the court.

Here, Movant argues we must remand to the motion court because the motion court made no finding regarding abandonment before ruling on Movant's amended motion. Movant's amended motion was due May 12, 2014, but was not filed until May 23, 2014. While it is true the motion court failed to explicitly find Movant was abandoned, the record reflects the motion court made the necessary substantive finding by which it determined the proper motion to adjudicate. At the evidentiary hearing, Movant's post-conviction counsel informed the court of the untimely filing, giving the following explanation:

> [I]t was due May 12. I can tell the Court I tried to file it on May 12, but I learned on [the court's website] that just because when you pull up a docket of a case at the top it says e-file in this case, that doesn't necessarily mean the county has e-file capability, and so that's when I learned that[.] The error was mine, and . . . this county doesn't accept fax filings. So after that, a few days later, I mailed it.

After the State informed the motion court it did not object, the motion court stated it would grant the late filing of Movant's amended motion.

5

We find this suffices as a finding of abandonment in substance, though not stated by the motion court. The purpose of conducting an abandonment inquiry is to determine whether the movant or appointed counsel was at fault for the untimely filing and to thereby determine which motion to adjudicate. See Moore, 458 S.W.3d at 826. The motion court here heard Movant's counsel take responsibility for the late filing and proceeded to permit the untimely filing, in accordance with the process after a finding of abandonment set forth in Sanders. 807 S.W.2d at 495. Thus, remand for an abandonment hearing is unnecessary here. Point denied.

## Point II

Movant argues that the motion court clearly erred in failing to find his plea counsel ineffective for not advising Movant that the eight separate counts of unlawful possession of a firearm violated his right to be free from double jeopardy, because the statute is ambiguous and therefore limits prosecution to one charge for any number of firearms in a defendant's possession. We disagree.

In the context of guilty pleas, claims of ineffective assistance of counsel are "immaterial except to the extent that it impinges upon the voluntariness and knowledge with which [a movant's] pleas were made." Bivens v. State, 37 S.W.3d 395, 396 (Mo. App. E.D. 2001). To prove a claim of ineffective assistance of counsel, Movant had to establish two elements by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) that Movant was prejudiced thereby. Hackman v. State, 492 S.W.3d 669, 672 (Mo. App. E.D. 2016) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Zink v. State, 278 S.W.3d 170, 175-76 (Mo. banc 2009)). There is a strong presumption that counsel's

6

performance was reasonable and effective. Hackman, 492 S.W.3d at 672 (citing Zink, 278 S.W.3d at 176). Additionally, in order to show prejudice, Movant must show that there was a reasonable probability that but for counsel's alleged errors, he would not have pled guilty but would have insisted on going to trial. Whiteley v. State, 501 S.W.3d 531, 535 (Mo. App. E.D. 2016). If Movant fails to satisfy either element, we need not consider the other, and his claim of ineffective assistance of counsel fails. Smith v. State, 276 S.W.3d 314, 317 (Mo. App. E.D. 2008).

Here, apart from his probation revocation for his forgery convictions, Movant was charged with a total of 32 crimes. During plea negotiations and as a result of Movant's counsel's arguments regarding double jeopardy, the State combined eight counts of stealing a firearm stemming from the theft of eight firearms in one instance into one count of stealing a firearm, and the State dismissed eight counts of receiving stolen property regarding those same firearms. Additionally, the State reduced a combined six counts of stealing stemming from two other instances to three counts of stealing. This left 14 total charges. The charges Defendant now argues implicated double jeopardy were eight counts of unlawful possession of a firearm under Section 571.070.[4]

The statute at issue prohibits a person who has been convicted of a felony from "knowingly ha[ving] any firearm in his or her possession[.]" Section 571.070.1(1). We find no Missouri precedent determining whether "any firearm" in this statute is ambiguous and therefore precludes a separate charge under this statute for each firearm in a defendant's possession. Additionally, Movant's counsel's succeeded in significantly reducing the charges against Movant, and in this we have difficulty finding support in the

---

[4] All statutory references are to RSMo. (2000) unless otherwise indicated.

7

record for Movant's claim that his counsel's performance was deficient. Due to the lack of any holding interpreting the statute as ambiguous, regardless of whether any attempt to argue ambiguity would have been successful, we cannot say counsel's actions fell below the standard of a reasonably competent attorney here. Cf. Glass v. State, 227 S.W.3d 463, 472 (Mo. banc 2007) ("counsel's conduct is measured by what the law is at the time of trial").

Regardless, we additionally find Movant was unable to show prejudice, and thus his claim must fail. Specifically, Movant requests that we vacate his guilty pleas on all counts, arguing that he pled guilty to them all together as one package, and he was prejudiced because his counsel misrepresented to him the maximum total penalty he faced at trial due to the inclusion of seven unjustified additional counts of unlawful possession of a firearm, which induced him to plead guilty. At the time, he faced a prison term of up to 15 years for each of the 14 counts to which he pled guilty, for a total of 210 years on those charges, not including the 15 for his probation revocation. Had he faced only seven counts, with potential 15-year sentences, he would have faced a maximum term of 105 years at trial for those charges. He testified at the evidentiary hearing that had he known of the potential double jeopardy violation, he would not have pled guilty and would have insisted on going to trial.

Conversely, Movant's trial counsel testified that if Movant had gone to trial, he would have lost. She testified that she believed Movant would be "punished more fairly" by pleading guilty rather than going to trial. The State had originally offered a plea agreement recommending a 20-year sentence, apart from the probation violation, which Movant rejected, ultimately deciding to enter a blind plea. Movant and his trial counsel

8

both testified that Movant chose to plead guilty to avoid a greater sentence at trial. The record does not contain evidence, apart from Movant's self-serving statement that he would have insisted upon trial, that there was a reasonable probability he would have gone to trial knowing he faced a potential 105-year sentence rather than a potential 210-year sentence at a trial his counsel testified he would lose. The motion court was free to disbelieve Movant's testimony. Rueger v. State, 498 S.W.3d 538, 544 (Mo. App. E.D. 2016). The record does not convince us that the motion court clearly erred in concluding Movant was not prejudiced here. Point denied.

## Conclusion

We need not remand to the motion court for an abandonment inquiry here because the motion court made the proper finding that counsel was at fault for the untimely filing of Movant's amended motion and proceeded to adjudicate the amended motion as required by Sanders. Regarding his claim of ineffective assistance of counsel, Movant failed to allege facts showing a reasonable probability that but for his counsel's failure to inform him of the possibility of a potential double jeopardy issue, he would not have pleaded guilty but would have insisted on going to trial facing a potential 105-year sentence. The judgment of the motion court is affirmed.

Gary M. Gaertner, Jr., Judge

James M. Dowd, P. J., concurs.
Kurt S. Odenwald, J., concurs.

9