Demetrius **EDWARDS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 104220

Missouri Court of Appeals,
Eastern District,
**DIVISION TWO.**

Filed: March 21, 2017

Andrew E. Zleit, St. Louis, MO, for Plaintiff/Appellant.

Daniel A. McPherson, Jefferson City, MO, for Defendant/Respondent.

## OPINION

Colleen Dolan, Judge

Demetrius Edwards ("Movant") was convicted following a jury trial of one count forcible rape under § 566.030, two counts forcible sodomy under § 566.060, one count class B felony of burglary in the

first degree under § 569.160, and one count class B felony of robbery in the second degree under § 569.030.[1] Movant was sentenced to twenty-five years in the Missouri Department of Corrections on the first three counts and consecutive terms of fifteen years on the remaining two counts for a total sentence of forty years. This Court affirmed the convictions and sentences in *State v. Edwards*, 398 S.W.3d 121, 122 (Mo. App. E.D. 2013). Movant now appeals the denial of his Rule 29.15 amended motion for post-conviction relief.[2] Because the amended motion was untimely, we reverse and remand to the motion court to determine whether Movant was abandoned by post-conviction counsel.

## DISCUSSION

Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. In his amended motion, Movant asserted he was denied effective assistance of counsel on the grounds that trial counsel failed to call him to testify at the motion to suppress hearing and failed to address Movant's claims that during his interrogation Movant made numerous requests for an attorney and was threatened by police officers. We cannot proceed to the merits of Movant's appeal, however, because we must first address the timeliness of Movant's amended motion.

### I. Timeliness of post-conviction relief motions.

When an appeal of a judgment or sentence is taken following a jury trial, a movant must file a *pro se* motion within 90 days after the date the appellate court issues the mandate affirming the judgment or sentence. Rule 29.15(b). The timeline for

filing an amended post-conviction relief motion is triggered after an appellate court issues the mandate and either "[c]ounsel is appointed or an entry of appearance is filed by any counsel who is not appointed," whichever occurs earlier. Rule 29.15(g). Once these activating events have occurred, a movant has 60 days to file an amended motion and this statutory countdown cannot be restarted. *Wilson v. State*, 495 S.W.3d 827, 829–30 (Mo. App. E.D. 2016). A court may extend the 60–day deadline only one time, by no more than 30 days, if a timely motion for extension of time is filed and granted. Rule 29.15(g); *Bell v. State*, 497 S.W.3d 880, 881 n.2 (Mo. App.E.D. 2016). Under these circumstances, a court should calculate the date an amended motion is due using a two-step process, counting 60 days from the date of appointment or entry of appearance, and then 30 days from the date the motion is initially due. *Id.*

This Court issued its mandate on May 29, 2013, making any *pro se* motion due on or before August 27, 2013. Movant timely filed a *pro se* motion for post-conviction relief on August 1, 2013. The motion court appointed counsel on April 30, 2014, triggering the 60–day statutory clock, *making the amended motion initially due Monday, June 30, 2014, as the actual 60–day deadline fell on Sunday, June 29, 2014. See* Rule 44.01(a). On May 23, 2014, motion counsel requested a 30–day extension to file an amended motion, which the motion court granted, *making the amended motion due on or before July 30, 2014*, 91 days after the day the motion court appointed counsel and 30 days after the amended motion was initially due.

On July 8, 2014, motion counsel filed a motion for continuance of a status confer-

---

1. All statutory references to § 566.030 and § 566.060 are RSMo Cum. Supp. 2009. All statutory references to § 569.160 and § 569.030 are to RSMo 2000.

2. All references are to Missouri Supreme Court Rules 2013.

ence, which was set for July 14, 2014, and erroneously referred to May 29, 2013, the date of the mandate, as the triggering event, rather than the correct date April 30, 2014, the date counsel was appointed.[3] Three times in the motion for continuance, motion counsel erroneously indicated that the amended motion was due on or before August 27, 2014, presumptively counting one year and ninety days from the date of the mandate rather than from the date of appointment.[4] The motion court and parties appear to have proceeded on the assumption that this date was the correct deadline for filing the amended motion under Rule 29.15(g). The actual deadline for the amended motion passed on July 30, 2014. On August 27, 2014, out of time, motion counsel filed the amended motion for an evidentiary hearing and post-conviction relief on the grounds of ineffective assistance of counsel.

The parties appeared on October 30, 2014, and the motion court denied Movant's request for an evidentiary hearing. On March 1, 2016, the court ruled on the amended motion, denying the request for an evidentiary hearing and denying post-conviction relief. The motion court did not address and the parties did not raise the issue of whether the amended motion was filed timely, or whether Movant was abandoned by motion counsel.

## II. Courts must make an independent finding of abandonment when amended motions for post-conviction relief are filed untimely.

■ "The time limits for filing a post-conviction motion are mandatory." *Shields*

---

3. In his motion requesting an additional thirty days to file an amended motion, motion counsel correctly referred to April 30, 2014, as the date of appointment of counsel.

4. Motion counsel cited the correct date of the mandate as May 29, 2013, in his motion for

*v. State*, 482 S.W.3d 461, 463 (Mo. App. E.D. 2016) (quoting *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014)). Rule 29.15(g) states:

> [T]he amended motion shall be filed within sixty days . . . of: (1) the date both the mandate of the appellate court is issued and counsel is appointed[.] . . . The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

■ "When appointed counsel fails to file an amended motion before the deadline, abandonment is presumed." *Id.* (citing *Vogl v. State*, 437 S.W.3d 218, 228 (Mo. banc 2014)). When appointed counsel files the amended motion out of time, "the motion court *must* conduct an independent inquiry of whether movant was abandoned by post-conviction counsel." *Johnson v. State*, 491 S.W.3d 310, 312 (Mo. App. E.D. 2016) (citing *Vogl*, 437 S.W.3d at 229) (emphasis added). If we determine on appeal that an amended motion was filed untimely and no independent inquiry into abandonment was made by the motion court then we must remand the case to the motion court to conduct the inquiry. *Adams v. State*, 483 S.W.3d 480, 483 (Mo. App. E.D. 2016). The inquiry may be informal, but a sufficient record must be made. *Vogl*, 437 S.W.3d at 228. "When the motion court fails to conduct this inquiry, we must reverse and remand for a determination by the motion court on this [abandonment] issue." *Johnson*, 491 S.W.3d at 312 (citing *Moore v. State*, 458 S.W.3d 822, 825–26 (Mo. banc 2015)).

---

continuance but alleged the amended motion was due August 27, 2014, ninety days after May 29, 2014. We presume that motion counsel mistakenly counted from the wrong year as well as from the wrong triggering event.

In the present case, motion counsel was granted one 30–day extension and was therefore required to file the amended motion on or before July 30, 2014. Motion counsel filed the amended motion out of time on August 27, 2014. Because motion counsel's amended motion was untimely, the motion court should have determined whether Movant was abandoned by his post-conviction counsel before ruling on the merits of the amended motion. Movant urges us to make a limited exception to *Moore* because the record shows motion counsel incorrectly calculated the amended motion's due date, which could establish abandonment on the face of the record without the need for remand. We decline to create an exception whole-cloth where the record does not indicate the motion court made a separate inquiry of abandonment.[5] We therefore reverse and remand this cause back to the motion court for a determination of whether motion counsel abandoned Movant.

## CONCLUSION

The cause is reversed and remanded to the motion court for a finding on the timeliness of the amended motion and a determination of whether Movant was abandoned by motion counsel.

Sherri B. Sullivan, P.J., concurs.

Roy L. Richter, J., concurs.

5. This case is distinguishable from *State v. Miller*, No. ED 103988, 510 S.W.3d 381, 383–84, 2017 WL 491780, at *2 (Mo. App. E.D. Feb. 7, 2017) in which the record clearly showed the motion court inquired into the timeliness issue. Movant's *pro se* motion raised claims that were not fully incorporated into the amended motion. Therefore, we can not review under the exception that "remand is 'pointless' when a movant's *pro se* motion has been incorporated into, and thus adjudicated along with, the amended motion." *Johnson*, 491 S.W.3d at 312 (citing *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015)).