Philip M. Hess, Judge
INTRODUCTION
Lazaro Guerra-Hernandez appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief. Because we find Guerra-Hernandez's amended motion was untimely, we reverse and remand to the motion court to determine whether Guerra-Hernandez was abandoned by post-conviction counsel.
BACKGROUND
On June 8, 2015, Guerra-Hernandez was charged by an amended information with three counts: 1) second-degree assault of a *370 law enforcement officer; 2) driving while intoxicated; and 3) driving while license was revoked. Guerra-Hernandez pled guilty on all counts. On July 20, 2015, judgment was entered finding Guerra-Hernandez guilty on all charges. On July 29, 2015, the court filed an amended judgment, sentencing Guerra-Hernandez as a prior and persistent offender to a total of ten years' imprisonment with all of his sentences to run concurrent to each other. Guerra-Hernandez did not file a direct appeal.
On January 15, 2016, Guerra-Hernandez filed his pro se Rule 24.035 motion claiming: 1) trial counsel was ineffective for inducing him to plead guilty by promising his sentence would be 120-days shock treatment; and 2) he was "excessively charged with no factual basis." On January 21, 2016, the motion court entered an order appointing counsel to represent Guerra-Hernandez. On February 9, 2016, counsel entered her appearance and filed a motion for additional time to file an amended motion. The motion for additional time was never ruled upon.
On November 28, 2016, counsel filed an amended Rule 24.035 motion, raising only the ineffective assistance claim alleged in Guerra-Hernandez's pro se motion. On March 1, 2017, the motion court entered its judgment and order, denying Guerra-Hernandez's amended motion without an evidentiary hearing. The motion court did not address the timeliness of the amended motion, whether Guerra-Hernandez was abandoned by post-conviction counsel, or Guerra-Hernandez's claim in his pro se motion that he was "excessively charged with no factual basis." Guerra-Hernandez filed a motion for leave to file a late notice of appeal which this Court granted on June 13, 2017. On June 15, 2017, Guerra-Hernandez filed his notice of appeal.
On August 15, 2017, Guerra-Hernandez filed a motion with the trial court to consider his amended motion as timely filed. In the motion, counsel acknowledged the amended motion was untimely but asserted Guerra-Hernandez was not at fault and blamed the untimeliness on her failure to ascertain whether her motion for an extension of time to file an amended motion had been granted. The motion court granted the motion the same day by signing counsel's motion and conducting no further inquiry or hearing.
DISCUSSION
Before addressing the merits of Guerra-Hernandez's appeal, we must determine if this case must be remanded to address whether Guerra-Hernandez was abandoned by appointed counsel. Interestingly, Guerra-Hernandez failed to raise the issue in his brief. For its part, the State argues that a remand is unnecessary because the motion court already made a determination that Guerra-Hernandez was abandoned and therefore "no purpose" would be served by a remand. We disagree.
It is undisputed the amended motion was untimely and the motion court's finding regarding the timeliness of the amended motion was made after the notice of appeal had been filed in this case. When a notice of appeal is filed, the trial court lost jurisdiction of the case for most purposes. General Growth Props. v. Oval Office, Inc. , 670 S.W.2d 165, 166 (Mo. App. W.D. 1984). The jurisdiction which is lost is the jurisdiction to exercise any judicial functions. Id. The jurisdiction which remains is the authority the court retains over its records and the entitlement to exercise purely ministerial or executive functions. Id.
The filing deadlines for post-conviction relief are mandatory, and cannot be waived.
*371 Watson v. State , 536 S.W.3d 716, 717 (Mo. banc 2018). When a motion for post-conviction relief is filed untimely, the motion court should not reach the merits of the motion. Id. "Failure to file either a timely amended motion or a statement in lieu of an amended motion explaining why an amended motion was unnecessary 'raises a presumption of abandonment by appointed counsel.' " Id. at 718 (quoting Vogl v. State, 437 S.W.3d 218, 230 (Mo. banc 2014) ).
When appointed counsel fails to file a timely amended motion, the motion court must conduct an independent inquiry of whether movant was abandoned by post-conviction counsel. Vogl, 437 S.W.3d at 229. This inquiry must be conducted to determine if the merits of the amended motion can be considered. Moore v. State , 458 S.W.3d 822, 825-26 (Mo. banc 2015). If after conducting an independent inquiry into the abandonment issue, the motion court determines the movant was not abandoned by post-conviction counsel, the motion court should adjudicate only the movant's initial pro se motion for post-conviction relief. Silver v. State , 477 S.W.3d 697, 698 (Mo. App. E.D. 2015).
When the motion court fails to conduct this inquiry, we must reverse and remand for a determination by the motion court on this issue. Moore , 458 S.W.3d at 826. When the record establishes a presumption of abandonment, the trial court, as part of its independent inquiry, should inquire not only of post-conviction counsel, but should also ensure the movant is informed of counsel's response and be given an opportunity to reply. Vogl , 437 S.W.3d at 228 (quoting McDaris v. State , 843 S.W.2d 369, 371 n.1 (Mo. banc 1992) ). The method of making this inquiry is left to the discretion of the trial court, but a sufficient record must be made to demonstrate on appeal the motion court's determination on the abandonment issue is not clearly erroneous. Id.
There is an exception to the abandonment inquiry that was established in Childers v. State , 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). In Childers , this Court held remand was not necessary when a movant's pro se motion has been incorporated into, and thus adjudicated along with, the amended motion. Id. This Court reasoned that the abandonment determination would have no effect on the relief available to the movant on remand because the motion court had already considered all the movant's claims in the pro se and amended motions. Id. If there are significant differences between the pro se and amended motions, however, the Childers exception to the abandonment inquiry is inapplicable. Usry v. State , 504 S.W.3d 815, 817 (Mo. App. E.D. 2016).
Here, it is undisputed Guerra-Hernandez's amended motion was untimely, and the motion court should have determined whether Guerra-Hernandez was abandoned by his post-conviction counsel before determining the merits of the amended motion. Guerra-Hernandez's attempt to side-step this issue by seeking an abandonment finding after the notice of appeal was filed does not cure this defect as the motion court lost jurisdiction over this case when the notice of appeal was filed. General Growth Props. , 670 S.W.2d at 166. The trial court must have jurisdiction to determine whether appointed counsel abandoned a movant because this is a judicial function. See id.
Moreover, even if the motion court had considered the abandonment issue while it still had jurisdiction, the inquiry it performed failed to create a sufficient record on appeal for our review. See Vogl , 437 S.W.3d at 228 (quoting McDaris , 843 S.W.2d at 371 n.1 ). Because appointed counsel filed an untimely amended motion, there was a presumption of abandonment and the trial court was required to conduct an independent inquiry. See *372 Watson , 536 S.W.3d at 718 ; Vogl, 437 S.W.3d at 229. The independent inquiry required the trial court to hear not only from appointed counsel but also from Guerra-Hernandez. See Vogl , 437 S.W.3d at 228 (quoting McDaris , 843 S.W.2d at 371 n.1 ). Rubber stamping appointed counsel's motion is not a sufficient inquiry and does not provide a sufficient record to demonstrate on appeal that the motion court's abandonment issue determination is not clearly erroneous. Id.
For purposes of judicial economy we considered whether the Childers exception is applicable here but conclude it is not because the pro se motion includes an additional claim the amended motion did not, and the motion court did not address that claim in its judgment. Because the motion court failed to conduct an independent inquiry when it had jurisdiction to do so and did not also consider the other claim made in Guerra-Hernandez's original pro se motion, we must reverse and remand for the motion court to determine whether post-conviction counsel abandoned Guerra-Hernandez. Usry , 504 S.W.3d at 817 ; Childers , 462 S.W.3d at 828 ; Moore , 458 S.W.3d at 825-26.
Contrary to the State's allegation, the purposes served by remand are mandatory compliance with Missouri Supreme Court Rules and adherence to jurisdictional limitations. While tempting here perhaps, we feel sacrificing these principles on the altar of expediency should not be sanctioned.
CONCLUSION
For the reasons stated above, we reverse and remand to the motion court for proceedings consistent with this opinion.
Lisa P. Page, P.J. and Roy L. Richter, J. concur.

All references are to Missouri Supreme Court Rules (2016).