

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| PERVIS MCALLISTER, | ) | No. ED107945 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 16SL-CC03123 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable David L. Vincent, III |
| | ) | |
| Respondent. | ) | Filed: April 28, 2020 |

## OPINION

Pervis McAllister ("Movant") appeals the motion court's judgment denying his motion

for post-conviction relief pursuant to Rule 29.15[1] following an evidentiary hearing.  Because

Movant's amended motion was untimely, we reverse and remand to the motion court to

determine whether Movant was abandoned by post-conviction counsel.

## BACKGROUND

A jury found Movant guilty of three counts of child molestation in the first degree, three

counts of statutory sodomy, and one count of statutory rape in the first degree.  Movant was

sentenced to concurrent sentences of 25 years.  On direct appeal, our court affirmed Movant's

---

[1] All references to Rules are to Missouri Supreme Court Rules (2016).

convictions and sentences in *State v. McAllister*, 491 S.W.3d 681 (Mo. App. E.D. 2016). On August 22, 2016, Movant timely filed his *pro se* motion to vacate, set aside, or correct judgment and sentence, alleging three claims of ineffective assistance of appellate counsel and four claims of ineffective assistance of trial counsel. Post-conviction counsel was appointed on November 8, 2016, and was granted an additional 30 days to file an amended motion on December 15, 2016, making the amended motion due on Wednesday, February 8, 2017.[2]

On February 15, 2017, post-conviction counsel untimely filed the amended motion, and subsequently filed a motion to permit the untimely filed amended motion alleging the untimeliness was attributable to his heavy caseload and not due to Movant's negligence or intentional conduct. On October 30, 2017, the motion court denied Movant's Rule 29.15 motion for post-conviction relief. On appeal, our court remanded this case because the motion court's final judgment failed to address all of the claims included in Movant's amended post-conviction motion. *McAllister v. State*, 561 S.W.3d 492, 494 (Mo. App. E.D. 2018). On April 26, 2019, the motion court entered its amended findings of fact, conclusions of law, and judgment, denying Movant's Rule 29.15 post-conviction motion.

This appeal follows.

## DISCUSSION

Movant asserts six points on appeal. In his first point on appeal, Movant argues the trial court clearly erred in failing to conduct an abandonment inquiry on the untimely filed amended

---

[2] Because counsel was appointed on November 8, 2016, the amended motion was due on Monday January 9, 2017, as the the initial 60-day deadline was Saturday, January 7, 2017. *See* Rule 29.15(g) and 44.01(a). Due to the 30-day extension, the amended motion was then due on Wednesday, February 8, 2017. *See Edwards v. State,* 514 S.W.3d 68, 70 (Mo. App. E.D. 2017) ("[A] court should calculate the date an amended motion is due using a two-step process, counting 60 days from the date of appointment or entry of appearance, and then 30 days from the date the motion is initially due.").

motion. The additional five points on appeal assert allegations of ineffective assistance of appellate and trial counsel. As the first point is dispositive, we do not address Movant's remaining points on appeal.

*Analysis*

The filing deadlines established by rules for post-conviction relief are mandatory. *Guerra-Hernandez v. State*, 548 S.W.3d 368, 370 (Mo. App. E.D. 2018). When appointed counsel fails to file an amended post-conviction motion before the deadline, it is presumed that post-conviction counsel abandoned the defendant. *Edwards v. State*, 514 S.W.3d 68, 71 (Mo. App. E.D. 2017).

When an amended motion is untimely, the motion court is required to make a record of an independent inquiry to determine if abandonment occurred before considering the claims and evidence presented in the amended motion. *Barber v. State*, 569 S.W.3d 556, 559 (Mo. App. E.D. 2019); *Moore v. State*, 458 S.W.3d 822, 826 (Mo. banc 2015). As part of its independent inquiry, the motion court should inquire not only of post-conviction counsel, but should also ensure the movant is informed of counsel's response and is given an opportunity to reply. *Guerra-Hernandez*, 548 S.W.3d at 371. Although the method of making this inquiry is left to the discretion of the trial court, a sufficient record must be made to demonstrate on appeal the motion court's determination on the abandonment issue is not clearly erroneous. *Id*. "Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry." *Barber*, 569 S.W.3d at 559–60.

3

In the present case, it is undisputed Movant's amended motion was untimely.[3] Accordingly, there was a presumption of abandonment and the trial court was required to conduct an independent inquiry to determine whether Movant was abandoned by his postconviction counsel before determining the merits of the amended motion. *See GuerraHernandez*, 548 S.W.3d at 371; *Edwards*, 514 S.W.3d at 72. The record demonstrates the motion court stamped "Leave Granted" and signed the accompanying motion to permit the untimely filed amended motion without making findings of fact, requiring any testimony from post-conviction counsel, nor ensuring Movant was informed of post-conviction counsel's response or given an opportunity to reply. *See Barber*, 569 S.W.3d at 560–61; *Guerra-Hernandez*, 548 S.W.3d at 371. "Rubber stamping appointed counsel's motion is not a sufficient inquiry and does not provide a sufficient record to demonstrate on appeal that the motion court's abandonment issue determination is not clearly erroneous." *Guerra-Hernandez*, 548 S.W.3d at 372; *see also Barber*, 569 S.W.3d at 561 (finding that simply signing and dating a timeliness motion does not make a sufficient record for our review of the motion court's inquiry into whether postconviction counsel abandoned a defendant.).

Because the record before us is not sufficient to determine if the motion court's decision to treat the amended motion as timely filed was clearly erroneous, we must reverse and remand with instructions for the motion court to make a sufficient record of an independent inquiry into abandonment. While we acknowledge the inconvenience abandonment issues are causing motion courts, "the purposes served by remand are mandatory compliance with Missouri

---

[3] *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) established an exception to the abandonment inquiry. In *Childers*, our court held remand was not necessary when a movant's *pro se* motion has been

4

Supreme Court Rules and adherence to jurisdictional limitations." *Guerra-Hernandez*, 548

S.W.3d at 372.

incorporated into, and thus adjudicated along with, the amended motion. *Id*. However, if there are significant differences between the *pro se* and amended motions, the Childers exception is inapplicable. *See Usry v. State*, 504 S.W.3d 815, 817 (Mo. App. E.D. 2016). Here, the *Childers* exception does not apply as only one out of the seven claims of ineffective assistance of counsel was incorporated into the amended motion.

## CONCLUSION

Based on the foregoing, we reverse the motion court's judgment overruling Movant's

amended motion for post-conviction relief and remand to the motion court for a determination of

whether motion counsel abandoned Movant.

_____

Lisa P. Page, Judge

Philip M. Hess, P.J., and
Kurt S. Odenwald, J., concur.

5