

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| ALONZO SHOWALTER, | ) | No. ED108085 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 14SL-CC01674 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Gloria Clark Reno |
| | ) | |
| Respondent. | ) | Filed: September 15, 2020 |

## OPINION

Alonzo Showalter ("Movant") appeals the denial of his Rule 24.035 post-conviction relief ("PCR") motion without an evidentiary hearing.[1] In his sole point on appeal, Movant argues the motion court clearly erred in denying his PCR motion because his plea counsel was ineffective for failing to depose the victim prior to advising Movant to plead guilty and he was thereby prejudiced by counsel's ineffectiveness.

We do not reach the merits of Movant's appeal because we remand to the motion court for a determination as to whether Movant was abandoned by counsel.

---

[1] All references are to Missouri Supreme Court Rules (2014).

## I.    Factual and Procedural Background

On February 28, 2014, Movant pleaded guilty to nine counts: one count of burglary in the first degree, one count of felonious restraint, two counts of forcible sodomy, one count of forcible rape, and four counts of armed criminal action. The plea court accepted Movant's guilty plea and sentenced him to a total of 25 years' imprisonment on March 7, 2014.

On May 2, 2014, Movant timely filed his Rule 24.035 *pro se* motion. The motion court appointed post-conviction counsel on June 9, 2014. The transcripts of the guilty plea and sentencing hearing were filed on May 21, 2014. After entering his appearance, post-conviction counsel was granted an additional 30 days to file an amended motion on July 7, 2014, thus making the amended motion due on Monday September 8, 2014.[2]  Post-conviction counsel untimely filed the amended motion along with a request for an evidentiary hearing on September 25, 2014. On March 6, 2015, the motion court denied the request for an evidentiary hearing. On June 5, 2019, the motion court issued its findings of fact and conclusions of law denying the claims raised in Movant's amended PCR motion.

This appeal follows.

## II.    Discussion

Before reaching the merits of Movant's appeal, our Court must first examine the timeliness of his amended Rule 24.035 post-conviction motion.[3] *See Austin v. State*, 484 S.W.3d 830, 832 (Mo. App. E.D. 2016).

---

[2] The amended motion was due on Monday, September 8, 2014, as the deadline fell on Sunday, September 7, 2014. *See* Rule 24.035(g) and 44.01(a).

[3] Movant simply points to this issue in the statement of facts of his appellate brief rather than raising it as a point on appeal. However, the State raises the issue and concedes that remand is necessary.

The filing deadlines established by Rule 24.035(g) are mandatory. *Bearden v. State,* 530 S.W.3d 504, 506 (Mo. banc 2017). When appointed counsel fails to file an amended 24.035 post-conviction motion before the deadline, it is presumed post-conviction counsel abandoned the movant "because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015); *see also Lampkin v. State*, 560 S.W.3d 67, 70 (Mo. App. E.D. 2018). As a result, the motion court has a duty to conduct and make a record of an independent inquiry into whether movant was in fact abandoned by post-conviction counsel before considering the claims and evidence presented in the amended motion. *Lampkin*, 560 S.W.3d at 70; *Barber v. State*, 569 S.W.3d 556, 559 (Mo. App. E.D. 2019). "Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry." *Barber*, 569 S.W.3d at 559–60.

In the present case, it is undisputed that the amended PCR motion was untimely filed. Post-conviction counsel was appointed on June 9, 2014, thus the amended motion was due sixty days later on Friday, August 8, 2014. *See* Rule 24.035(g). Due to the granted 30-day extension, the amended motion became due on Monday, September 8, 2014. *See* Rule 24.035(g) and 44.01(a); *see also Baker v. State,* 565 S.W.3d 733, 736 (Mo. App. E.D. 2018). Movant's amended motion was filed out of time on September 25, 2014. Consequently, the untimely filing of the amended motion raised a presumption of abandonment and required the motion court to conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel. *See Lampkin*, 560 S.W.3d at 70; *Guerra-Hernandez v. State*, 548 S.W.3d 368, 371 (Mo. App.

E.D. 2018). The record is devoid of findings or conclusions relative to abandonment nor did the motion court adjudicate Movant's claims asserted in his *pro se* motion.[4]

Accordingly, because there is no record demonstrating the motion court conducted an independent inquiry into whether Movant was abandoned, we cannot reach the merits of this appeal, and must reverse and remand with instructions for the motion court to make a sufficient record of an independent inquiry into abandonment. *See Guerra-Hernandez,* 548 S.W.3d at 371.

While it is our duty to enforce the mandatory timelines set forth in the post-conviction rules, the motion court is the appropriate forum to conduct an independent inquiry on abandonment and is vested with the discretion as to the method in which to make such inquiry. *Id.;Blackburn v. State*, 468 S.W.3d 910, 913 (Mo. App. E.D. 2015). The result of the abandonment inquiry determines whether the claims asserted in Movant's *pro se* motion or the amended motion should be adjudicated by the motion court. *Pulliam v. State*, 484 S.W.3d 877, 880 (Mo. App. E.D. 2016).

Our court acknowledges the inconvenience abandonment issues are causing motion courts; however, we emphasize that "the purposes served by remand are mandatory compliance with Missouri Supreme Court Rules, and adherence to jurisdictional limitations." *Guerra-Hernandez* 548 S.W.3d 368, 372.

---

[4] For purposes of judicial economy, we considered whether the exception to the abandonment inquiry iterated in *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) applies to this case. The *Childers* exception applies where *all* of the claims in a movant's *pro se* PCR motion have been incorporated into, and thus adjudicated along with, the amended PCR motion. *Id.*; *see also Guerra-Hernandez*, 548 S.W.3d at 371. In such cases, remand is not necessary because the abandonment determination would have no effect on the relief available to the movant since the motion court had already considered all of the movant's claims in the *pro se* and amended motions. *Guerra-Hernandez*, 548 S.W.3d at 371. Here, there are significant differences between Movant's *pro se* and amended motions, as Movant's *pro se* motion asserted three claims of ineffective assistance of counsel and none asserted the claim of ineffective assistance of plea counsel for failure to depose the victim. Because the motion court did not consider the claims contained in Movant's *pro se* motion and, instead, only considered the claims raised in the amended motion, the *Childers* exception is inapplicable. *See Mann v. State,* 475 S.W.3d 208, 212 (Mo. App. E.D. 2015).

### III.    Conclusion

The motion court's judgment is reversed and the case is remanded to the motion court to conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of the motion court's inquiry.

_____
Colleen Dolan, P.J.

Mary K. Hoff, J., concurs.
Robert M. Clayton III, J., concurs.