

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| ANTHONY PULLIAM a/k/a MONTELL JENNING, | ) ) ) | No. ED102701 |
| Appellant, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) | |
| STATE OF MISSOURI, | ) ) ) | Honorable Michael D. Burton |
| Respondent. | ) | Filed: March 22, 2016 |

### I. Introduction

Anthony Pulliam a/k/a Montell Jenning ("Movant") appeals from the motion court's judgment denying him post-conviction relief under Rule 24.035[1] ("Rule 24.035 motion") without an evidentiary hearing. Movant pled guilty to one count of the class C felony of stealing over $500, in violation of Section 570.030, RSMo (2000).[2] In his Rule 24.035 motion, Movant claims his plea counsel was ineffective for failing to question and investigate the State's evidence regarding the value of the scrap metal which he was charged with stealing. However, Movant's amended Rule 24.035 motion was filed untimely. Because the motion court did not make an independent inquiry into whether Movant was abandoned by post-conviction counsel as a result of the untimely filing, we are compelled by the Supreme Court's holding in *Moore v.*

---

[1] All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.
[2] All further statutory references are to RSMo 2000 as supplemented, unless otherwise indicated.

*State*, 458 S.W.3d 822 (Mo. banc 2015), to reverse the motion court's judgment and remand the case to the motion court to determine whether Movant was abandoned by post-conviction counsel.

## II. Factual and Procedural Background

Movant was charged by indictment with felony stealing, in violation of Section 570.030. On October 11, 2013, Movant appeared in court with counsel to enter a guilty plea. After the court found that there was a factual basis for the charge and that Movant's guilty plea was made voluntarily, intelligently, and with a full understanding of the charge, the court accepted Movant's plea. Movant was sentenced, pursuant to a plea agreement, to a seven-year suspended sentence with five years of probation and 120 days shock jail time - with credit for time served.

On April 28, 2014, Movant appeared in court, with different counsel, after he allegedly violated his probation (the "probation revocation hearing"). Movant agreed to waive his probation revocation hearing and admit violation in exchange for his seven-year suspended sentence being executed concurrently with a separate fifteen year sentence in another case from the City of St. Louis. After inquiring into the effectiveness of Movant's plea counsel and counsel representing Movant at the probation revocation hearing, the court revoked Movant's probation and executed the sentence. Movant was delivered to the Missouri Department of Corrections on May 2, 2014.

Movant subsequently filed a *pro se* motion for post-conviction relief under Rule 24.035 on June 30, 2014. The transcript from Movant's guilty plea and sentencing hearing was filed on July 16, 2014. Post-conviction counsel was appointed on July 31, 2014 and requested additional 30 days to file an amended motion. The motion court granted the request. On November 10,

2014, the amended motion was filed. The motion court denied all relief without an evidentiary hearing on February 10, 2015. This appeal follows.

### III. Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008). A movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

When a movant requests an evidentiary hearing on a claim of ineffective assistance of counsel, the movant must allege facts, if true would warrant relief and unrefuted by the record, "that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). By pleading guilty, a movant waives "any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). If an examination of the guilty plea proceedings directly refutes the movant's claim that his plea was involuntary, then the movant is not entitled to an evidentiary hearing. *Guynes v. State*, 191 S.W.3d 80, 83 (Mo. App. E.D. 2006); *see also* Rule 24.035(h).

### IV. Discussion

Pursuant to *Moore v. State*, we are compelled to first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party. 458 S.W.3d 822 (Mo. banc 2015). "If it is determined that an amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry." *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015) (*citing Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015)). "It is our duty to enforce the mandatory timelines in the post-conviction rules, but the motion court is the appropriate forum to conduct such an inquiry into abandonment." *Id.* (internal quotation and citation omitted). "The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." *Moore*, 458 S.W.3d at 826.

Rule 24.035(g) provides in relevant part:

If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. . . . The court may extend the time for filing the amended motion for *one additional period not to exceed thirty days*.

(emphasis added).

Here, Movant timely filed a *pro se* Rule 24.035 motion on June 30, 2014. The motion court appointed counsel for Movant on July 31, 2014. Counsel subsequently requested additional 30 days to file the amended motion, which was granted by the motion court. Accordingly, pursuant to Rule 24.035(g), Movant's amended motion was due on October 29, 2014. Movant filed the amended motion on November 10, 2014. Therefore, the amended motion was filed untimely and the motion court was required to inquire into abandonment by

4

post-conviction counsel. *Vogl v. State*, 437 S.W.3d 218, 228–29 (Mo. banc 2014). However, the record before us does not indicate that the motion court conducted such inquiry and we may not presume such. Further, the motion court's judgment contained no explicit reference to the timeliness of the amended motion or abandonment by counsel.

Although, on November 18, 2014, the motion court granted leave to file the amended motion out of time, the motion court lacked authority to grant said leave. Rule 24.035(g) specifically allows the court to "extend the time for filing the amended motion for *one additional period* not to exceed thirty days." (emphasis added). Here, the motion court had already extended the time for filing the amended motion one additional period of 30 days before granting said leave. "A motion court has no authority to extend this time limit for filing an amended motion." *Stanley v. State*, 420 S.W.3d 532, 541 (Mo. banc 2014). The time limitations imposed by Rule 24.035 are mandatory, *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), and they are to be strictly enforced, *Hall v. State*, 992 S.W.2d 895, 897 (Mo. App. W.D. 1999).

Furthermore, Movant's motion for leave to file the amended motion out of time was not made part of the record on appeal and the motion court did not specify on the record why it granted said leave. Therefore, we are unable to determine from the record before us whether the motion for leave was granted in accordance with the Supreme Court's direction in *Sanders v. State*, 807 S.W.2d 493, 494–95 (Mo. banc 1991).[3]

Accordingly, pursuant to the Supreme Court's direction in *Moore*, the motion court's judgment denying Movant's Rule 24.035 motion must be reversed, and the matter must be remanded for the motion court to conduct an independent inquiry into whether post-conviction counsel abandoned Movant.

---

[3] *Sanders v. State* directs a motion court to permit appointed counsel's untimely filing of an amended motion if the motion court determines that the movant was abandoned by counsel. 807 S.W.2d at 495.

## V. Conclusion

The motion court's judgment is reversed and the case is remanded to the motion court for an independent inquiry into whether Movant was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of the motion court's inquiry.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., Concurs.