Eddie E. ROSS, Appellant,

v.

STATE of Missouri, Respondent.

WD 79245

Missouri Court of Appeals, Western District.

Filed: August 22, 2017

Andrew E. Zleit, St. Louis for appellant.

Garrick F.D. Aplin, Jefferson City for respondent.

Before Division One: Gary D. Witt, P.J., and Alok Ahuja and Edward R. Ardini, Jr., JJ.

Alok Ahuja, Judge

Appellant Eddie Ross was convicted of first-degree robbery following a jury trial. After we affirmed his conviction on direct appeal, Ross filed a *pro se* motion for postconviction relief under Supreme Court Rule 29.15. His appointed counsel later filed an amended motion, which Ross and the State agree was untimely. Despite its untimeliness, the circuit court addressed Ross' amended motion on the merits, and denied postconviction relief. The circuit court made no determination as to whether

Ross had been abandoned by appointed counsel's untimely filing of the amended motion. Pursuant to *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015), we reverse the judgment and remand the case to the circuit court to address the abandonment issue.

## Factual Background

Following a jury trial, Ross was found guilty of first-degree robbery, and was sentenced to fifteen years' imprisonment. Ross appealed. On November 5, 2013, this Court issued a *per curiam* order affirming Ross' conviction and sentence. *State v. Ross*, 413 S.W.3d 347 (Mo. App. W.D. 2013) (*mem.*). We issued our mandate on November 27, 2013.

On November 20, 2013 (after we issued our order, but before issuance of our mandate), Ross filed a *pro se* motion for post-conviction relief under Rule 29.15. Ross' motion asserted two claims of ineffective assistance by his appellate counsel. Ross first alleged that his appellate counsel was ineffective for failing to challenge the trial court's admission of evidence of a high-speed car chase which followed the robbery. Ross' *pro se* motion also alleged that his appellate counsel was ineffective for failing to effectively challenge the admission of a detective's hearsay testimony concerning statements made by an anonymous caller, and by an alleged accomplice of Ross'.

On November 25, 2013, the circuit court appointed the Public Defender to represent Ross, and gave appointed counsel ninety days within which to file an amended motion. The court's order explained that "[t]he ninety (90) day period in which to file an amended motion already contemplates the extension contained in the rule, and as such there is no need to request an extension."

Appointed counsel filed an entry of appearance on February 19, 2014, along with a motion seeking an additional thirty-day extension of time to file an amended motion. The circuit court granted the additional extension on February 21, 2014, and counsel filed the amended motion on March 21, 2014.

Counsel's amended motion included only one claim: that appellate counsel was ineffective for failing to challenge the admission of police officer testimony concerning the high-speed car chase. This claim was similar (although not identical) to the first claim asserted in Ross' *pro se* motion.

The circuit court held an evidentiary hearing on Ross' amended motion, at which direct-appeal counsel was the sole witness. Appellate counsel testified that she decided not to challenge the admission of evidence concerning the car chase because she believed case law established "that any flight from the police can be introduced as consciousness of guilt" for the underlying crime.

The motion court entered its judgment denying Ross' amended motion on October 29, 2015. The court found that appellate counsel made "a competent and strategic decision" not to challenge admission of the car-chase evidence, based on her conclusion that the evidence was admissible to prove Ross' "consciousness of guilt for the underlying crime of robbery." The judgment noted that, instead of challenging the car-chase evidence, "[c]ounsel used her experience to raise two issues on direct appeal that she believed would be meritorious based on the relevant case law." The court also found that Ross had failed to demonstrate that he was prejudiced by counsel's failure to challenge the car-chase evidence, because the admission of that evidence did not have a determinative effect on the jury's finding of guilt, given the other evidence tying Ross to the offense.

The circuit court's judgment only addresses the claim raised in Ross' amended motion; the court did not address the additional claim raised in Ross' *pro se* postconviction relief motion.

Ross appeals.

### Analysis

■■■ In his sole Point on appeal, Ross argues that the motion court clearly erred in rejecting his claim that his appellate counsel was ineffective for failing to challenge the trial court's admission of the car-chase evidence.

Before this Court may address the merits of [Ross'] claims, we must determine whether his amended motion was timely filed. When an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry ... to determine if abandonment occurred. As a result, if we determine that an amended motion filed by post-conviction counsel is untimely, but there has been no independent inquiry into abandonment conducted by the motion court, then the case must be remanded to the motion court. While it is this Court's duty to enforce the mandatory timelines in the post-conviction rules, the motion court is the appropriate forum to conduct the abandonment inquiry. In the event a case is remanded to the motion court for an abandonment inquiry, the result of the inquiry determines which motion, the *pro se* motion or the amended motion, the motion court should adjudicate.

*Adams v. State*, 483 S.W.3d 480, 483 (Mo. App. E.D. 2016) (citations and internal quotation marks omitted).

Ross admits on appeal that "[t]he amended motion in this case was filed late," and the State agrees. The version of Rule 29.15(g) in effect until January 1, 2017, provided in relevant part:

If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of the movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

In this case, Ross filed his *pro se* motion for postconviction relief prematurely, before this Court issued its mandate in his direct appeal. The circuit court appointed counsel to represent Ross in the Rule 29.15 proceeding on November 25, 2013, and we issued our mandate on November 27, 2013. Thus, "the date both the mandate of the appellate court is issued and counsel is appointed" was November 27, 2013. Given that the circuit court granted appointed counsel a thirty-day extension within which to file the amended motion, Ross' amended motion was due on February 25, 2014, ninety days after the issuance of our mandate. The amended motion was not filed until March 21, 2014, however—well beyond the time limit specified in Rule 29.15(g).

■■ We recognize that appointed counsel requested, and the circuit court purported to grant, an *additional* thirty-day extension of time to file the amended motion. That additional extension was unauthorized and ineffective, however. Rule 29.15(g) specifies that the circuit court may grant "*one* additional period not to exceed thirty days." (Emphasis added). Under Rule 29.15, "one and only one extension of the deadline is permissible: other than the 30-day extension allowed in Rule 29.15(g),

a 'motion court has *no authority* to extend [the] time limit for filing an amended motion.'" *Wilson v. State*, 495 S.W.3d 827, 830 (Mo. App. E.D. 2016) (quoting *Stanley v. State*, 420 S.W.3d 532, 541 (Mo. banc 2014); emphasis added by *Wilson*); accord, *Pulliam v. State*, 484 S.W.3d 877, 881 (Mo. App. E.D. 2016) (interpreting similar provisions of Rule 24.035). Ross' amended motion was due on February 25, 2014, despite the circuit court's grant of appointed counsel's extension motion.

■ Because Ross' amended motion was untimely, a remand to the circuit court is necessary for that court to address whether Ross was abandoned by his appointed counsel.

> When an untimely amended motion is filed, the motion court has a duty to undertake an "independent inquiry under *Luleff*" [1] to determine if abandonment occurred. If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion.... If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing.

*Moore*, 458 S.W.3d at 825–26 (citations omitted).[2]

Ross argues that it is unnecessary in this case to remand to the circuit court to consider the abandonment issue, because in Ross' view, "the record demonstrates, on its face, an obvious mistake on the part of counsel in connection with the late-filed amended motion." Ross argues that appointed counsel "obviously failed to follow/comprehend Rule 29.15(g), which allows for only one 30[-day] extension of time to file an amended motion." Given the purportedly "obvious" nature of appointed counsel's error, Ross argues that we can find on our own that abandonment occurred, and proceed to consider the merits of the claim asserted in Ross' amended motion.

■ We are unwilling to resolve, in the first instance, the inherently factual issues surrounding abandonment. The Supreme Court has expressly held that, "[w]hen the independent inquiry [into abandonment] is required but not done, this Court will remand the case because *the motion court is the appropriate forum to conduct such an inquiry.*" *Moore*, 458 S.W.3d at 826 (emphasis added; citation omitted). We are required to follow the Supreme Court's direction in *Moore*. See Mo. Const. art. V, § 2. In addition, we note that the "abandonment" inquiry requires the court to determine whether the failure to file a timely amended motion is "the result of movant's action or inaction," *Luleff*, 807 S.W.2d at 498, or instead whether "movant is free of responsibility for the failure to comply with the requirements of the rule." *Sanders v. State*, 807 S.W.2d 493, 495 (Mo.

---

1. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991).

2. We have recognized that a remand under *Moore* is unnecessary if "all of the claims in both the pro·se and amended motion ha[d] been adjudicated with written findings of fact and conclusions of law"; in those circumstances, the postconviction movant "has received all the process to which he is entitled," and a "remand would·be pointless." *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D.

2015) (citations omitted); *see also Bustamante v. State*, 478 S.W.3d 431, 435 n.2 (Mo. App. W.D. 2015). Here, however, the circuit court's judgment only addressed the single claim made in Ross' amended motion. Therefore, "[t]his case is unlike *Childers* ... as [Ross'] pro se claims were not incorporated into his [a]mended [m]otion and were not considered and addressed by the motion court." *Hicks v. State*, 514 S.W.3d 118, 121 (Mo. App. W.D. 2017).

banc 1991). Thus, "the purpose of remand [under *Moore*] is essentially for the motion court to determine who is at fault for the untimely filing." *Miller v. State*, 510 S.W.3d 381, 384 (Mo. App. E.D. 2017). An appellate court is ill-suited to address this sort of fact-specific inquiry, involving circumstances outside the record, as an initial matter. While Ross may believe that it is "obvious" that appointed counsel bears sole responsibility for the untimeliness of his amended motion, we must remand this issue to the circuit court to decide. *See Edwards v. State*, 514 S.W.3d 68, 72 (Mo. App. E.D. 2017) (rejecting movant's similar argument that the facts "establish[ed] abandonment on the face of the record without the need for remand").

### Conclusion

The circuit court's judgment is reversed. The case is remanded for the circuit court to make an independent inquiry whether Ross was abandoned by his appointed counsel, and for further proceedings consistent with the court's determination of the abandonment issue.

All concur.