Mark D. Pfeiffer, Chief Judge
Mr. Bryan Carter ("Carter") appeals from the judgment of the Circuit Court of Daviess County, Missouri ("motion court"), denying his Rule 24.035[1] amended motion for post-conviction relief ("Amended Motion"). Carter had pleaded guilty to the class A felony of assault in the first degree and the class D felony of incest. Following an evidentiary hearing on his Amended Motion, the motion court denied Carter's claims. Carter now raises two points on appeal. First, Carter argues that the motion court erred in failing to conduct an abandonment inquiry because his Amended Motion was untimely filed. Second, Carter *508 argues the motion court erred in denying the merits of the ineffective assistance of counsel claims made in his Amended Motion. Because the motion court was required to conduct an abandonment inquiry and failed to do so, we reverse and remand.
Factual Background
Carter pleaded guilty to the class A felony of assault in the first degree and the class D felony of incest for knowingly causing serious physical injury to his four-month-old daughter by inserting his hand into her rectum resulting in a large tear. Following his sentencing hearing, the court sentenced Carter to life imprisonment for the charge of first-degree assault and four years of imprisonment for the charge of incest, with the sentences to run consecutively.
Carter filed his pro se motion to vacate, set aside, or correct the judgment or sentence on June 3, 2015. Carter's pro se motion alleged the following: (1) he was promised he could plead guilty to the class B, not A, felony of assault, but the B felony was changed to an A felony the day before the plea hearing; (2) there was insufficient evidence to support the first-degree assault charge; (3) after Carter had accepted the plea agreement, he learned his mother had been threatened; (4) the plea court erroneously permitted certain testimony at the sentencing hearing; and (5) the State provided no reason for its decision to increase the assault charge to the class A felony of first-degree assault.
Appellate counsel was appointed to represent Carter with respect to his post-conviction claims on the same day that Carter filed his pro se motion, June 3, 2015. On June 19, 2015, appointed counsel moved for an extension of thirty days in which to file Carter's amended post-conviction motion. There is no record, however, that the motion court ever granted or denied counsel's motion for an extension. The transcript of the guilty plea and sentencing hearings was filed with the court on July 22, 2015.
Carter's Amended Motion was filed on October 20, 2015. Carter's pro se motion was not attached to the Amended Motion and the claims asserted in the pro se motion were not included in the Amended Motion. The Amended Motion raised the following claims: (1) ineffective assistance of counsel for failing to present mitigating evidence regarding Carter's prior physical and sexual abuse as a child; (2) ineffective assistance of counsel for failing to present mitigating evidence regarding Carter's history of serious mental illness; and (3) ineffective assistance of counsel for failing to present mitigating evidence that Carter sought immediate medical attention for his child after committing the underlying offense.
Following an evidentiary hearing, the motion court denied Carter's claims in his Amended Motion. The motion court made no findings regarding whether the Amended Motion was timely filed and made no findings regarding abandonment by counsel. Carter appeals.
Standard of Review
Our review of a motion court's ruling denying a Rule 24.035 motion is limited to a determination of whether the motion court's judgment was clearly erroneous. See Roberts v. State , 276 S.W.3d 833, 835 (Mo. banc 2009) ; Rule 24.035(k). The motion court's judgment is clearly erroneous only if, after reviewing the entire record, "the appellate court is left with the definite and firm impression that a mistake has been made." Roberts , 276 S.W.3d at 835.
*509 Analysis
In his first point on appeal, Carter argues that the motion court clearly erred in failing to conduct an abandonment inquiry, violating Carter's rights to due process and effective assistance of counsel, in that the Amended Motion was untimely filed and created a presumption of abandonment on the record. The State agrees that the motion court erred and the cause should be remanded so that the motion court can conduct an abandonment inquiry.
First, this Court must determine whether Carter's Amended Motion was, in fact, untimely filed. See Ross v. State , 527 S.W.3d 116, 119 (Mo. App. W.D. 2017). Pursuant to Rule 24.035(g), when no appeal from the judgment is taken,
the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
In this case, counsel was appointed on June 3, 2015, and the complete transcript for the guilty plea and sentencing hearings was filed in the trial court on July 22, 2015. Therefore, the sixty-day deadline in Rule 24.035(g) was triggered on July 22, 2015, and Carter's Amended Motion was due on September 20, 2015. Although Rule 24.035(g) permits counsel to move for an extension of thirty days in which to file an amended motion and Carter's counsel did move for an extension, there is no record that the motion was ever considered or granted by the motion court. Although motions for extensions of time are routine and commonly granted, this Court may not presume that the motion court would have or intended to grant the motion. See Frazee v. State , 480 S.W.3d 442, 445 (Mo. App. W.D. 2016). Carter's Amended Motion was filed on October 20, 2015, and was, therefore, untimely.
When an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry ... to determine if abandonment occurred. As a result, if we determine that an amended motion filed by post-conviction counsel is untimely, but there has been no independent inquiry into abandonment conducted by the motion court, then the case must be remanded to the motion court. While it is this Court's duty to enforce the mandatory timelines in the post-conviction rules, the motion court is the appropriate forum to conduct the abandonment inquiry. In the event a case is remanded to the motion court for an abandonment inquiry, the result of the inquiry determines which motion, the pro se motion or the amended motion, the motion court should adjudicate.
Ross , 527 S.W.3d at 119 (quoting Adams v. State , 483 S.W.3d 480, 483 (Mo. App. E.D. 2016) (citations and internal quotation marks omitted)). As previously stated, the motion court's judgment failed to address the timeliness of the Amended Motion and failed to conduct the abandonment inquiry.
We have recognized that a remand to the motion court is unnecessary if "all of the claims in both the pro se and amended motion ha[d] been adjudicated with written findings of fact and conclusions of law," as the post-conviction movant "has received all the process to which he is entitled," and a "remand would be pointless." Childers v. State , 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) (citations omitted); see also Bustamante v. State , 478 S.W.3d 431, 435 n.2 (Mo. App. W.D. 2015). In this case, however, Carter's pro se claims were not included in the Amended Motion and not considered by the motion court, which makes remand necessary.
*510 Therefore, we conclude that the Amended Motion was untimely filed creating a presumption of abandonment on the record. As no independent inquiry into abandonment was made by the motion court, this Court is required to remand the cause to the motion court to conduct an abandonment inquiry.[2]
Point I is granted.
Conclusion
The motion court's judgment is reversed. The case is remanded for the motion court to make an independent inquiry into whether Carter was abandoned by his appointed counsel, and for further proceedings consistent with the motion court's determination of the abandonment issue.
Victor C. Howard and Cynthia L. Martin, Judges, concur.

All rule citations refer to the MISSOURI SUPREME COURT RULES 2015 unless otherwise indicated.

As we have concluded that remand to the motion court is required, we cannot address Carter's remaining claim on appeal regarding his substantive claim of ineffective assistance of counsel. On remand, the motion court must first decide which claims are properly before it and render its judgment accordingly. Should the motion court decide that only Carter's pro se motion may be considered, Carter's ineffective assistance arguments will be moot as the claim was not raised in his pro se motion.