

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| WALTER NICKELS, | ) | No. ED110571 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 2022-CC02148 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Christopher E. McGraugh |
| | ) | |
| Respondent. | ) | FILED: May 16, 2023 |

### Introduction

Walter Nickels (Movant) appeals from the motion court's Findings of Fact, Conclusions of Law and Order denying his amended Rule 29.15[1] post-conviction motion to vacate, set aside, or correct the judgment or sentence. Movant argues the denial of his motion was clearly erroneous because he proved by a preponderance of the evidence that his trial counsel was ineffective for failing to request an instruction on a lesser-included offense to the charge of first-degree assault of a special victim, to Movant's prejudice. Because a presumption of abandonment was raised by the untimely filing of Movant's amended post-conviction motion but no abandonment inquiry was made, we reverse and remand for this necessary inquiry without addressing Movant's point on appeal.

---

[1] All rule references are to the Missouri Supreme Court Rules (2018).

<u>Factual and Procedural Background</u>

The State charged Movant with first-degree assault of a special victim, unlawful possession of a firearm, resisting arrest, and two associated counts of armed criminal action (ACA). After a jury trial, Movant was found guilty of second-degree assault of a special victim, resisting arrest, and one ACA count, for which he was sentenced as a persistent offender to concurrent sentences of ten years, seven years, and five years in the Missouri Department of Corrections. This Court affirmed the 2018 judgment of conviction and sentence on direct appeal. <u>State v. Nickels</u>, 598 S.W.3d 626 (Mo. App. E.D. 2020). The mandate was issued on April 16, 2020.

Movant timely filed a *pro se* post-conviction motion under Rule 29.15 to vacate, set aside, or correct the judgment or sentence.[2] Post-conviction counsel was appointed on July 28, 2020. On September 11, 2020, post-conviction counsel entered her appearance and filed her first request for an extension of time to file an amended motion, in which she asked for an additional 30 days. After e-mail conversations with counsel for the parties, the motion court granted this motion on October 15, 2020, and backdated this grant to the day the motion was filed: September 11, 2020.[3] On October 19, 2020, post-conviction counsel filed her second request for an extension of time to file the amended motion, in which she asked for an additional 30 days. The court purported to grant this motion that same day. On November 25, 2020, post-conviction counsel filed the amended motion on behalf of Movant. This motion asserted only one claim: that Movant's trial counsel was ineffective for failing to request an instruction on a lesser-included offense to the

---

[2] "If an appeal of the judgment or sentence sought to be vacated, set aside or corrected is taken, the motion shall be filed within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence." Rule 29.15(b). Movant filed his *pro se* motion on July 10, 2020, which was 85 days after the date the mandate issued on April 16.

[3] The date below the motion court's signature is September 11, 2020, but the date on the physical file stamp and entry is October 15, 2020.

charge of first-degree assault of a special victim—specifically, an instruction on fourth-degree assault of a special victim.

In lieu of an evidentiary hearing, the motion court received trial counsel's testimony by deposition and the matter was submitted on the record. In its findings of fact, conclusions of law and order, the motion court denied the claim presented in Movant's amended motion after concluding that trial counsel was not ineffective for failing to request the lesser-included instruction because this would have undermined the "all or nothing" theory of defense presented at trial. This appeal follows.

Discussion

Before reaching the merits of this appeal, we must first examine the timeliness of the amended post-conviction motion. Harley v. State, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021)[4] (citing Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015); Johnson v. State, 613 S.W.3d 512, 515 (Mo. App. E.D. 2020)). "If an amended motion seeking post-conviction relief is untimely, the motion court is required to conduct an independent inquiry into the reason for the untimely filing to determine whether post-conviction counsel abandoned the movant …." Id. at 916 (citing Moore, 458 S.W.3d at 825; Johnson, 613 S.W.3d at 515). This abandonment inquiry "must be done *before* considering the merits of the amended motion and the evidence in support." Id. (citing Moore, 458 S.W.3d at 825; Johnson, 613 S.W.3d at 515). The outcome of this inquiry dictates which claims are reviewed by the motion court.[5] Id. at 918 (citing Moore, 458 S.W.3d at 826).

---

[4] Although Harley involved a post-conviction motion filed pursuant to Rule 24.035 (rather than Rule 29.15 as in this case), this difference does not affect our analysis because the relevant portions of Rule 24.035 are identical to those of Rule 29.15, and "case law interpreting a provision that is identical in both rules applies equally in proceedings under either rule." Harley v. State, 633 S.W.3d 912, 916 n.3 (Mo. App. E.D. 2021) (quoting Vogl v. State, 437 S.W.3d 218, 224 n.7 (Mo. banc 2014)). The other Rule 24.035 case cited in this opinion is Schilling v. State, 628 S.W.3d 452 (Mo. App. E.D. 2021).
[5] "If that inquiry reveals that the untimely filing was due to the movant's negligence or intentional conduct, then only the *pro se* motion may be considered; conversely, if the untimely filing was solely the fault of post-

3

As relevant to the case before us, Rule 29.15(g) provides an amended motion is due within 60 days of the date both the mandate of the appellate court is issued and counsel is appointed. Rule 29.15(g). Rule 29.15(g) allows the court to "extend the time for filing the amended motion …, with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days." Id.[6]

In this case, because the mandate issued on April 16 and counsel was appointed on July 28, the amended motion was due on or before September 28, 2020[7]—absent any timely filed (and granted) extensions of time. Post-conviction counsel filed her first request for an extension of time to file the amended motion on September 11, 2020, the same date she entered her appearance. After e-mail conversations with counsel for the parties on October 13 and 14, the court granted this motion on October 15, 2020, and backdated this grant to the day the motion was filed: September 11, 2020. Post-conviction counsel filed her second request for an extension of time on October 19, 2020, and the court purported to grant this motion that same day. Post-conviction counsel filed the amended motion on November 25, 2020. In its order denying the claim in this motion, the court found that post-conviction "counsel was granted two thirty-day extensions within which to file an amended motion, and counsel timely filed an amended motion on November 25, 2020."

This would be a correct statement of the law and the facts had the motion court granted the first extension of time within the required period. The issue is that the motion court did not act upon this first extension until October 15, 2020—after the original deadline for the filing of the

---

conviction counsel, then the amended motion is deemed timely and the claims therein will be adjudicated." Schilling v. State, 628 S.W.3d 452, 456 (Mo. App. E.D. 2021) (citing Luleff v. State, 807 S.W.2d 495, 498 (Mo. banc 1991); Sanders v. State, 807 S.W.2d 493, 495 (Mo. banc 1991)).

[6] This language is found in the version of Rule 29.15 effective from January 1, 2018, to November 4, 2021. The new version of this Rule establishes a 120-day filing period for an amended motion and provides that the court "may not extend the time for filing the amended motion." Rule 29.15(g) (effective Nov. 4, 2021).

[7] 60 days from July 28 would be September 26, 2020. Because September 26 was a Saturday, the filing deadline became Monday, September 28, 2020. See Rule 44.01(a); Harley, 633 S.W.3d at 916 n.2.

amended motion on September 28 had passed.[8]  The law is clear that a motion for extension of time must be ***made and granted*** within the time that the amended motion is due for it to have any effect.[9]  See Clemmons v. State, 785 S.W.2d 524, 527 (Mo. banc 1990); Harley, 633 S.W.3d at 917 ("[A] motion court's discretion to grant a requested extension of time to file an amended motion for post-conviction relief is limited to an exercise of that discretion within the time period to file the amended motion.") (citing Earl v. State, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021)).

The first motion for extension of time to file Movant's amended post-conviction motion, although timely made, was not granted by the court before the original deadline to file the amended motion had passed.  Therefore, the amended motion filed two months after this deadline was untimely and raised a presumption of abandonment.[10]  See Harley, 633 S.W.3d at 918 (citations omitted).  The motion court was required to conduct an independent inquiry into the reason for the untimely filing to determine if post-conviction counsel abandoned the movant, and to make a sufficient record of this inquiry before considering the claim presented in the amended motion.  See id. at 916–17 (citing Moore, 458 S.W.3d at 825; Johnson, 613 S.W.3d at 515; Brown v. State, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020)).  Here, the record reveals no independent abandonment inquiry made by the motion court before it ruled on the claim in Movant's amended

---

[8] The backdating of the grant of this first extension has no effect. We are sympathetic to the circumstances here, where the motion court stated it did not receive notice of Appellant's motion for extension of time until post-conviction counsel's e-mail on October 13 due to the reduced working hours of the court clerks during the early months of the COVID-19 pandemic. But the law is clear that the court loses discretion to act on a motion for extension of time to file an amended post-conviction motion once the operative deadline for the filing of the amended post-conviction motion has passed.  See Harley, 633 S.W.3d at 916.

[9] And because the first motion for extension of time was not timely ruled upon, the second motion for extension of time has no effect.

[10] Although the reasons for the untimely filing of the amended motion may seem obvious at first glance—here, post-conviction counsel's reliance on the motion court's untimely grant of the motions for extension of time—it would be error for us to make such an assumption. See Earl v. State, 628 S.W.3d 695, 701 (Mo. App. E.D. 2021) (noting there could be "other less-obvious reasons for the untimely filing"). It is not our role to resolve, in the first instance, the inherently factual issues surrounding abandonment; instead, the motion court is the appropriate forum to conduct this inquiry.  See Ross v. State, 527 S.W.3d 116, 120–21 (Mo. App. W.D. 2017) (citations omitted).

motion. As such, we must reverse and remand for the motion court to conduct this inquiry.[11] Id. at 918; Brown, 602 S.W.3d at 849–51.

Because the untimely filing of the amended motion raised a presumption of abandonment by post-conviction counsel and yet no independent abandonment inquiry appears in the record, we must reverse the motion court's decision and remand for this necessary inquiry.[12]

Conclusion

The decision is reversed and remanded to the motion court for an inquiry into whether Movant was abandoned by his appointed post-conviction counsel and for further proceedings consistent with the outcome of the motion court's inquiry and this opinion.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, J.

Angela T. Quigless, P.J., and
Robert M. Clayton III, J., concur.

---

[11] We recognize that this remand—which may result in a finding of abandonment, triggering the motion court to again consider and adjudicate the claim in Movant's amended motion—may inconvenience the court and the parties. But Missouri law is clear that remand is required. See Moore v. State, 458 S.W.3d 822, 825–26 (Mo. banc 2015). And "[t]he circumstances in which this type of abandonment inquiry will be necessary appear to be coming to an end" given the revisions to Rule 29.15 regarding the time to file an amended motion. Jones v. State, 643 S.W.3d 918, 922 n.1 (Mo. App. E.D. 2022); accord Rule 29.15(g) (effective Nov. 4, 2021) (establishing 120-day filing period for amended motion and providing the court "may not extend the time for filing the amended motion").

[12] No exception to this remand requirement is applicable under the circumstances present here. See Brown v. State, 602 S.W.3d 846, 850–51, 850 n.3 (Mo. App. E.D. 2020). First, there was no clear record before the court regarding abandonment issues, such as post-conviction counsel filing a Sanders affidavit or other sworn statement. Contra Schilling, 628 S.W.3d at 456–57; Gale v. State, 508 S.W.3d 128, 130 (Mo. App. S.D. 2016). Second, the motion court did not adjudicate every claim in Movant's *pro se* and amended post-conviction motions in its findings of fact, conclusions of law and order. Contra Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). Remand is required and the court shall expeditiously conduct an abandonment inquiry, make a sufficient record thereof, and proceed to adjudicate the pertinent post-conviction claim(s).

6